UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT SCHEUERMANN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-7533** |
| **DONALD C. WINTER, SECRETARY OF THE DEPARTMENT OF THE NAVY** | **SECTION "K"(1)** |

### ORDER AND OPINON

Before the Court is the "Partial Motion to Dismiss" filed on behalf of the defendant Donald C. Winter, Secretary of the United States Navy (Doc. 3). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the partial motion to dismiss.

### BACKGROUND

At all pertinent times the United States Department of the Navy at the Space and Naval Warfare Systems Center (SPAWAR) in New Orleans, Louisiana employed Robert Scheuermann as a civilian employee. On September 17, 2003, while employed as a security officer Mr. Scheuermann experienced cardiac problems which required hospitalization. In October 2003, a male less than forty years old was hired to replace Mr. Scheuermann who was fifty-five years old.

Mr. Sheuermann returned to work on November 18, 2003. He asserts that from the time he returned to work until the end of December 2003, he was given no work to perform. Additionally, he states that he was referred to as "old," kept in isolation, and removed from contact with management and peers. On December 29, 2003, plaintiff's employer transferred him from the security office to another different office within the SPAWAR complex.

In December 2003, Mr. Scheuermann contacted Mr. August A. Bailey, a retired civilian

employee of the Information Technology Center who had been Mr. Scheuermann's supervisor for a number of years, to inquire as to the proper procedures and reasons supporting transfers. In March 2004, Mr. Bailey advised Mr. Scheuermann to contact an EEO counselor.

On April 22, 2004, Mr. Scheuermann contacted the EEO alleging that he had been discriminated against on the basis of his age, gender, and disability, i.e., his cardiac condition, when he was not offered an opportunity to compete for the security manager position at the Information Technology Center ("ITC") and Lucia Colangione was placed in that position in August 2003. Additionally Mr. Scheuermann claimed that he was discriminated against in December 2003 when he was removed from the position of security officer and replaced by Todd Consolini, a younger employee. Mr. Scheuermann also asserted that he had been retaliated against because of his EEOC activity.

On September 20, 2004, the Department of the Navy dismissed as untimely Mr. Scheuermann's claims of disability and sexual discrimination based on his allegations that was not given the opportunity to compete for the security manager position and that Lucia Colangione received the security manager position. The Department of the Navy also dismissed Mr. Scheuermann's claim of age discrimination based on his removal from the position of security officer and his replacement by Todd Consolini, concluding that Mr. Scheuermann failed to make timely contact with an EEO counselor concerning that claim. On July 27, 2007, the Department of the Navy, Naval Office of EEO Complaints Management affirmed the dismissal of those claims.

Thereafter Mr. Scheuermann filed suit against Donald C. Winter, Secretary of the Navy alleging discrimination based on gender, age, and handicap in violation of 42 U.S.C. §2000e and 29 U.S.C. §621. Mr. Scheuermann also alleged that his employer had subjected him to a hostile work

environment, unlawfully reprimanded him for having improper material on his computer, and retaliated against him due to his EEOC activities.

Donald C. Winter, Secretary of the United States Navy moves to dismiss plaintiff's claims of hostile work environment, unlawful reprimand, and discrimination based on disability, sex, and age based on lack of subject matter jurisdiction.[1] Regarding the claims of hostile work environment and unlawful reprimand, defendant asserts that plaintiff never raised those claims in his administrative proceedings. Additionally, defendant contends that the plaintiff's claims of discrimination based on age, sex, and disability must be dismissed because plaintiff failed to contact an EEO counselor within 45 days of the alleged discrimination as required by statute. Defendant also seeks to dismiss plaintiff's claim for punitive damages pursuant to Federal Rule of 12(b)(6) for failure to state a claim.

Plaintiff urges that he timely filed his administrative claims for age, sex, and disability discrimination within forty-five (45) days of when he "knew or should have known he was being targeted or became the object of what he subsequently, came to perceive as unlawful and ill practices as defined in Title VII and the Age Discrimination in Employment Act," and therefore he asserts that he is entitled to equitable tolling of the forty-five (45) day period cor contacting the EEO office. Plaintiff disputes the defendant's contention that he failed to raise his hostile work environment claim and unlawful reprimand claim during the administrative claims process.

## LAW AND ANALYSIS

"Since a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) concerns the court's 'very power to hear the case . . . the trial court is free to

---

[1] Defendant does not seek to dismiss plaintiff's claims based on retaliation.

weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MD Physicians & Associates v. State Board of Insurance*, 957 F.2d 178, 180 (5th Cir. 1992)(internal quotation and citation omitted). In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider : "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

Pursuant to Title VII of the Civil Rights Act of 1964 an employee, including a federal employee, may sue an employer for discrimination based on an individual's race, religion, sex, or national origin with respect to the compensation, terms, conditions or privileges of employment. 42 U.S.C. §2000e-16; *see Brown v. General Services Administration*, 425 U.S. 820, 96 S. Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). However, before a federal employee may file a suit for employment discrimination, the employee must exhaust his administrative remedies. *Fitzgerald v. Secretary of U.S. Department of Veterans Affairs,* 121 F.3d 203, 206 (5th Cir. 1997).

Plaintiff disputes defendant's contention that he did not raise the hostile work environment claim and the unlawful reprimand claim during the administrative claims process, but points to no evidence demonstrating that he exhausted his administrative remedies with respect to those claims. In support of his claim, plaintiff submitted unsigned affidavits by Brenda Vincent, Sylvia Keller, and August Bailey. Those declarations fail to comply with the requirements of 28 U.S.C. §1746 and therefore may not be considered in connection with this motion. However, even if the declarations fulfilled the requirements of §1746, they would be of no assistance to plaintiff with respect to this claim because the declarations address the merits of plaintiff's claim, not whether plaintiff filed an

administrative claim for a hostile work environment and for having received an unlawful reprimand.

The administrative record contains no evidence establishing that plaintiff raised either his hostile work environment claim or his claim that he was unlawfully reprimanded with an EEO counselor. Because plaintiff failed to raise those claims during the administrative claims process, the claims must be dismissed for failure to exhaust.

With respect to Mr. Scheuermann's claims of age, disability, and sexual discrimination, defendant contends that those claims must be dismissed because plaintiff failed to timely contact an EEO counselor concerning those claims. "Federal regulations require an employee who believes that he has been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap to initiate contact with an EEO counselor within forty-five days of the date of the matter alleged to be discriminatory . . .." *Id.*, citing 29 C.F.R. §1614.105(a)(1). Plaintiff attempts to circumvent the time limitation contending that the forty-five (45) day period should be equitably tolled because he did not know and should not have known that "he was being targeted or became the object of what he subsequently came to perceive as unlawful and ill practices as defined in Title VII and the Age Discrimination in Employment Act" until August Bailey informed him in March 2003 that his rights under the affirmative action statutes had been violated.

"There is a disagreement in [the Fifth Circuit] on whether a Title VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Pacheco v. Mineta*, 448 F.3d 783, 788, n 7 (5th Cir. 2006). It is clear however that despite the debate concerning whether the forty-five (45) day time limit is jurisdictional or merely a statute of limitations that the time limit can be equitably tolled. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 457, 112

5

L.Ed.2d 435 (1990). Because equitable tolling is not warranted in this case, the Court need not address whether the forty-five (45) day time limit is jurisdictional in nature. *See Pacheco v. Mineta,* 448 F.3d at 788 n 7.

"Equitable tolling applies only in 'rare and exceptional circumstances.'" *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2000), quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Because plaintiff is the party seeking to invoke the equitable tolling doctrine, he bears the burden of proving that the doctrine applies. *Id.*

EEO regulations contemplate equitable tolling of the forty-five (45) day time period in limited circumstances.

> The agency or the Commission shall extend the 45-day time limit ... when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. §1614.105(a)(2)(1999).

Mr. Scheuermann does not assert that circumstances beyond his control prevented him from timely contacting an EEO office. Although plaintiff states that his "EEO training was poor and not effective," he does not urge that he did not receive EEO training or that he was not advised of the time limits for filing an administrative claim, and the evidence establishes otherwise. The declaration of Barbara Richardson,[2] states that "the Navy has mandated yearly EEO training and

---

[2] Ms. Richardson is employed as the Deputy Equal Employment Opportunity Officer by Commander Navy Region Southeast, Human Resource Forward Deployed Detachment, New Orleans, Louisiana, United States Department of the Navy." Doc. 3-3, Government Exhibit A.

sexual harassment training for all employees" and that during that training "employees are provided with a copy of the applicable EEO laws (Equal Pay Act, Rehabilitation Act, Title VII, ADEA, etc.) and the EEO discrimination complaint procedures. These procedures include the requirement to contact an EEO counselor within 45 days of the date of the matter alleged to be discriminatory." Doc. 3-3. Government Exhibit A. Additionally, the declaration of Cristina DeMichael[3] states that Mr. Scheuermann participated in four hours of EEO training between January 16, 2002 and March 2004. Doc. Defendant also submitted a declaration by Jacqueline Goff[4] which states that in 2003-2004 plaintiff worked at the Space and Naval Warfare Systems Center, New Orleans ("SSC NOLA") and that:

> Pursuant to the Navy's policy and regulation, during 2003 and prior, the poster entitled "U.S. Navy EEO Complaint's Process" was displayed throughout the SSC NOLA complex. The posters were displayed in the break rooms on bulletin boards which are located on each floor. The information on the poster included the process for filing an EEO complaint by a government employee, and the requirement to timely contact an EEO Counselor within 45 days from the date of a perceived discriminatory employment action. The posters also provided the EEO office phone number at Human Resource Office ("HRO") New Orleans as the point of contract for employees who wanted to discuss EEO issues.

Doc. 3-8, Government Exhibit C.

As stated herein above, the gravamen of plaintiff's plea for equitable tolling is that prior to talking with August Bailey in March 2004, that he did not and should not have known that he was

---

[3] Ms. DeMichael is employed as a Human Resources Specialist by Commander Navy Region Southeast, Human Resources Forward Deployed Detachment, New Orleans, Louisiana, United States Department of the Navy. Doc. 3-6, Government Exhibit B.

[4] Ms. Goff is the Director Corporate Operations and Naval Warfare Systems Center, New Orleans, United States Department of the Navy.

the victim of allegedly unlawful practices by his employer. This contention is not persuasive. By the end of December 2003, plaintiff knew that his employer had taken actions that he considered to be adverse to him. In fact, he was sufficiently concerned about his employer's actions that he contacted August Bailey to investigate the defendant's actions. The fact that plaintiff contacted Mr. Bailey indicates that by the end of December 2003, plaintiff was well aware of the alleged mistreatment. Plaintiff has failed to carry his burden of establishing that he is entitled to equitable tolling.

## CLAIM FOR PUNITIVE DAMAGES

In his complaint, plaintiff seeks payment of "any applicable punitive damages." Doc. 1. Defendant moves to dismiss the claim for punitive damages for failure to state a claim.

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. at ___, 127 S.Ct. 1955, 1969 (2007). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

Title 42 U.S.C. §1981a(b)(1) explicitly precludes an award of punitive damages against the government and government agencies. It is undisputed that the Department of the Navy is a government agency. Thus, it is apparent on the face of the complaint that plaintiff cannot recover punitive damages against the government, and that plaintiff's claim for punitive damages must be dismissed. Accordingly,

**IT IS ORDERED** that the "Defendant's Partial Motion to Dismiss" is GRANTED;

**IT IA FURTHER ORDERED** that plaintiff Robert Scheuermann's claims for punitive damages, hostile work environment, and discrimination based on age, disability, and sex are hereby dismissed with prejudice.

New Orleans, Louisiana, this 17th day of September, 2008.

                                     STANWOOD R. DUVAL, JR.
                                    UNITED STATES DISTRICT JUDGE